# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOWN SPORTS INTERNATIONAL, LLC, *et al.*,[1] | ) Case No. 20-12168 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 160** |

**ORDER (I) APPROVING BIDDING PROCEDURES
IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS, (II) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, (III) SCHEDULING AN AUCTION AND
SALE HEARING, (IV) APPROVING PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OF CONTRACTS, (V) APPROVING THE SALE OF THE
DEBTORS' ASSETS FREE AND CLEAR, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Bidding Procedures Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (a) authorizing and approving the Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, in connection with the sale of substantially all of the Debtors' assets; (b) scheduling an auction and sale hearing; (c) authorizing the Debtors to enter into and perform under the Stalking Horse Purchase Agreement; (d) approving the form and manner of Sale Notice, substantially in the form attached hereto as **Exhibit 2**; (e) approving procedures for assuming and assigning certain executory contracts and unexpired leases, and approving the Cure Notice, substantially in the form attached hereto as **Exhibit 3**; (f) granting related relief; and the Court having reviewed any

---

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. A complete list of all the Debtors in these jointly administered cases, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/TownSports.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bidding Procedures Motion or the Bidding Procedures (as defined below), as applicable.

evidence in support of the Bidding Procedures Motion; and the Court having reviewed the Bidding Procedures Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Bidding Procedures Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the Bidding Procedures Motion having been withdrawn with prejudice or overruled on the merits at the Hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS**:[3]

A. <u>Jurisdiction and Venue</u>. The Court has jurisdiction to consider the Bidding Procedures Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Bases for Relief</u>. The bases for the relief requested in the Bidding Procedures Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006(a), and 9014, and Local Rules 2002-1, 6004-1, and 9006-1.

C. <u>Notice of the Bidding Procedures Motion</u>. As reflected in the certificate of service filed on October 6, 2020 [Docket No. 170], the Bidding Procedures Motion and the notice of the Hearing was served on the Court's electronic filing system and the Notice Parties. The notice of the Bidding Procedures Motion and of the Hearing is reasonable and sufficient in light of the

---

[3] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

circumstances and nature of the relief requested in the Bidding Procedures Motion, and no other or further notice of the Bidding Procedures Motion or the Hearing is necessary.  A reasonable and fair opportunity to object to the Bidding Procedures Motion and the relief granted in this Order has been afforded under the circumstances.

        D.      <u>Stalking Horse Bid</u>.  The Debtors have demonstrated and proven to the satisfaction of this Court that their performance of the obligations related to the Stalking Horse Bid is in the best interests of the Debtors, their creditors, and their estates, and that the foregoing represents a prudent exercise of the Debtors' sound business judgment.  The Debtors have articulated good, sufficient, and sound business justifications and compelling circumstances for performance of obligations related to the Stalking Horse Bid in that, among other things, the Stalking Horse Bid constitutes the highest or otherwise best proposal that the Debtors have received to date and the approval of the relief requested is a necessary and constructive step toward the confirmation and consummation of a chapter 11 plan, and the Stalking Horse Bid allows the Debtors to solicit the highest or otherwise best bid for the Assets through the Bidding Procedures.  Additionally, the Stalking Horse Bid provides a solution for substantially all of the Debtors' assets.

        E.      The Stalking Horse Bid was negotiated by the parties at arm's length and in good faith by the Debtors and the Stalking Horse Bidder.  Furthermore, the Stalking Horse Bid will serve as a minimum or floor bid on which the Debtors, their creditors, suppliers, vendors, and other bidders may rely.  The Stalking Horse Bidder is providing a material benefit to the Debtors and their creditors by increasing the likelihood that, given the circumstances, the best possible price for the Assets will be received.  Accordingly, the Stalking Horse Bid is reasonable and appropriate, and represent the best method for maximizing value for the benefit of the Debtors' estates.

F. <u>Bidding Procedures</u>. The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances and designed to maximize value for the benefit of the Debtors' estates, their creditors, and other parties in interest.

G. <u>Assumption and Assignment Procedures</u>. The Cure Notice is reasonably calculated to provide counterparties to the Executory Contracts and Unexpired Leases to be assumed or assumed and assigned with proper notice of the intended assumption or assumption and assignment of their Executory Contracts or Unexpired Leases, any Cure Amounts, and the Assumption and Assignment Procedures, and no other or further notice of such intention, the Cure Amounts, or the Assumption and Assignment Procedures shall be required.

H. <u>Auction</u>. The Auction, if held, is necessary to determine whether any entity other than the Stalking Horse Bidder is willing to enter into a definitive agreement on terms and conditions more favorable to the Debtors than the Stalking Horse Bid.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, are overruled and denied on the merits with prejudice.

**A. The Sale Schedule.**

2. The following dates and deadlines regarding the Sale are hereby established, subject to the right of the Debtors to modify the following dates, provided notice is given in accordance with the terms of this Order:

| Event | Date | Description |
|---|---|---|
| Bidding Procedures Objection Deadline | October 9, 2020 at 1:00 p.m., prevailing Eastern Time | Deadline by which objections to the Bidding Procedures must be filed with the Court and served so as to be *actually received* by the Debtors and the Notice Parties (the "Bidding Procedures Objection Deadline") |
| Bidding Procedures Hearing | October 9, 2020 at 1:00 p.m., prevailing Eastern Time | Date for the hearing (the "Bidding Procedures Hearing") to consider the approval of the Bidding Procedures |
| Stalking Horse Adequate Assurance Deadline | October 19, 2020 | Deadline to provide landlords with adequate assurance information of the Staking Horse Bidder, subject to representations acceptable to the Debtors that such landlords agree to keep such information confidential |
| Sale Objection Deadline; Cure Objection Deadline | October 23, 2020 at 4:00 p.m., prevailing Eastern Time | Deadline by which objections to (i) the Sale (the "Sale Objection Deadline") and (ii) the Cure Notices (the "Cure Objection Deadline") must be filed with the Court and served so as to be *actually received* by the Debtors and the Notice Parties |
| Bid Deadline | October 26, 2020 at 5:00 p.m. prevailing Eastern Time | Deadline for when the Debtors must *actually receive* binding Bids from Acceptable Bidders (the "Bid Deadline") |
| Stalking Horse Bidder Adequate Assurance Objection[4] | October 27, 2020 at 4:00 p.m. prevailing Eastern Time | Deadline by which objections to the Stalking Horse adequate assurance information (the "Stalking Horse Bidder Adequate Assurance Objection") must be filed with the Court and served so as to be *actually received* by the Debtors and the Notice Parties |

---

[4]  Parties are encouraged to contact the Debtors to resolve such disputes without filing a formal objection.

| Event | Date | Description |
|---|---|---|
| Adequate Assurance for Qualified Bidders | October 27, 2020 at 5:00 p.m. prevailing Eastern Time | Deadline to provide landlords with adequate assurance information of the Qualified Bidders, subject to representations acceptable to the Debtors that such landlords agree to keep such information confidential |
| Auction (if necessary) | October 28, 2020 at 10:00 a.m., prevailing Eastern Time | Date for when an Auction for the Assets will be conducted, if necessary (the "Auction Date"), via remote video, or such later time or other place as the Debtors determine is proper |
| Post-Auction Objection Deadline | October 30, 2020 at 12:00 p.m., prevailing Eastern Time | Deadline by which all objections to (i) the manner of and conduct at the Auction (if applicable) and (ii) any additional issues that may arise after the Sale Objection Deadline[5] must be filed with the Court and served so as to be *actually received* by the Debtors and the Notice Parties |
| Adequate Assurance of Qualified Bidders Objection Deadline | November 1, 2020 at 12:00 p.m., prevailing Eastern Time | Deadline by which all objections to the identity/adequate assurance information of the Successful Bidder (other than the Stalking Horse Bidder) must be filed with the Court and served so as to be *actually received* by the Debtors and the Notice Parties |
| Sale Hearing | November 3, 2020 at 12:00 p.m., prevailing Eastern Time | Date for a hearing (the "Sale Hearing") at which the Court will consider approving the Sale of the Assets to one or more prospective purchasers, pursuant to the Sale Order or a chapter 11 plan |

B.     **The Bidding Procedures.**

3.     The Bidding Procedures (attached hereto as **Exhibit 1**) are hereby approved and the

Debtors are authorized to solicit bids and conduct an Auction, if necessary, on the terms set forth

---

[5] Including, for the avoidance of doubt, any issues that may arise as a result of the meeting of creditors pursuant to section 341 and 343 of the Bankruptcy Code scheduled on October 23, 2020.

in the Bidding Procedures. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids, and any party desiring to submit a higher or otherwise better offer must do so strictly in accordance with the terms of the Bidding Procedures and this Order. The Debtors are authorized to take all actions as are necessary or appropriate to implement the Bidding Procedures.

4. Each bidder participating at an Auction (if any) shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bidding Procedures and an Auction (if any) shall be transcribed or recorded.

5. Pursuant to the Bidding Procedures, including any applicable consent and consultation rights therein, the Debtors may (a) determine which Qualified Bid is the highest or otherwise best offer, (b) at any time prior to entry of an Order of the Court approving the Successful Bid, reject any Bid (other than any Stalking Horse Bid (if any)) that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors, and (c) prior to conclusion of an Auction (if any), may impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these chapter 11 cases.

6. If the Auction is cancelled, then the Debtors shall file a notice with the Court as soon as reasonably practicable following the determination of such election by the Debtors. The deadline to object to the Sale shall be October 23, 2020 at 4:00 p.m. (prevailing Eastern Time); *provided, however*, that any objections to the manner in which the Auction was conducted and any additional issues that may arise after the Sale Objection Deadline must be filed with the Court so as to be ***actually received*** by the Debtors and the Notice Parties by the Post-Auction Objection Deadline.

7.       No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this Court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

8.       Notwithstanding anything to the contrary in the Bidding Procedures, the Stalking Horse Bidder's right to credit bid obligations under the Prepetition Facility shall be subject to (i) section 363(k) of the Bankruptcy Code and (ii) any order(s) approving postpetition financing entered in these chapter 11 cases and any challenge rights preserved therein.

**C.      Sale Notice.**

9.       The Debtors are authorized to utilize the Sale Notice, substantially in the form attached hereto as **Exhibit 2**. As soon as practicable after entry of this Order, the Debtors shall serve the Bidding Procedures, the Sale Notice, and the Cure Notice upon the Notice Parties.

**D.      The Assumption and Assignment Procedures.**

10.      The following Assumption and Assignment Procedures (as set forth in the Bidding Procedures Motion) regarding the assumption or assumption and assignment of the Executory Contracts and Unexpired Leases proposed to be assumed by the Debtors and assigned to a Successful Bidder are approved:

    i.      Cure Notice. As soon as reasonably practicable after entry of the Bidding Procedures Order, but in no event later than October 16, 2020 at 11:59 p.m. (prevailing Eastern Time), the Debtors shall file with the Court and serve via first class mail, electronic mail, or overnight delivery, the Cure Notice, attached hereto as **Exhibit 3**, on all non-Debtor contract counterparties to the Executory Contracts and Unexpired Leases (collectively, the "Contract Counterparties," and each, a "Contract Counterparty") at the notice address specified in the applicable Executory Contract or Unexpired Lease and upon their counsel of record (if known), and post the Cure Notice to the Case Website;

ii. <u>Content of Cure Notice</u>. The Cure Notice shall notify the applicable Contract Counterparties that the Executory Contracts and Unexpired Leases *may* be subject to assumption or assumption and assignment in connection with the Sale, and contain the following information: (i) identification of the applicable Executory Contracts and Unexpired Leases; (ii) the applicable Contract Counterparties; (iii) the Debtors' good faith estimates of the corresponding Cure Amounts required to cure all monetary defaults under the Executory Contracts and Unexpired Leases; and (iv) the deadline by which any Contract Counterparty must file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto; *provided* that service of a Cure Notice does not constitute an admission that such assigned contract is an executory contract or unexpired lease or that such assigned contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Successful Bid;

iii. <u>Cure Objections</u>. Objections, if any, to a Cure Notice (each, a "<u>Cure Objection</u>") must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the Cure Objection pertains to the proposed cure amount (the "<u>Cure Amount</u>"), state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served so as to be *actually received* by the Debtors and the U.S. Trustee no later than **October 23, 2020 at 4:00 p.m. (prevailing Eastern Time)**; *provided* that the Debtors may extend the Cure Objection deadline by filing a notice of such extension on the Court's docket;

iv. <u>Effects of Filing a Cure Objection</u>. A properly filed Cure Objection will reserve such objecting Contract Counterparty's rights against the Debtors only with respect to the assumption or assumption and assignment of the Executory Contracts and Unexpired Leases at issue, and/or objection to the accompanying Cure Amount, as set forth in the Cure Objection, but will not constitute an objection to the remaining relief requested in the Bidding Procedures Motion;

v. <u>Dispute Resolution</u>. Any Cure Objection to the proposed assumption or assumption and assignment of an Executory Contracts and Unexpired Leases or Cure Amount that remains unresolved after the Sale Hearing, shall be heard at such later date as may be agreed upon by the parties or fixed by the Court. To the extent that any Cure Objection cannot be resolved by the parties, such Executory Contracts and Unexpired Leases shall be assumed and assigned only upon satisfactory resolution of the Cure Objection, to be determined in the Successful Bidder's reasonable discretion. If a Cure Objection is not satisfactorily resolved, the Successful

       Bidder may determine that such Executory Contracts and Unexpired Leases should be rejected and not assigned, in which case the Successful Bidder will not be responsible for any Cure Amount in respect of such contract. The proposed assignee will pay all undisputed cure amounts pending resolution of dispute, and any disputed cure amounts shall be reserved, in cash, at the highest amount asserted pending resolution; upon resolution of the disputed portion of the cure amount, the potential assignee shall pay the amount due to the applicable landlord within 7 calendar days;

vi. <u>Supplemental Cure Notice</u>. If the Debtors discover Executory Contracts and Unexpired Leases inadvertently omitted from the Cure Notice or the Successful Bidder identifies other Executory Contracts and Unexpired Leases that it desires to assume or assume and assign in connection with the Sale, the Debtors may, after consultation with the Successful Bidder, at any time before the closing of the Sale supplement the Cure Notice with previously omitted Executory Contracts and Unexpired Leases or modify a previously filed Cure Notice, including modifying the previously stated Cure Amount associated with any Contracts (the "<u>Supplemental Cure Notice</u>");

vii. <u>Objection to the Supplemental Cure Notice</u>. Any Contract Counterparty listed on the Supplemental Cure Notice may file an objection (a "<u>Supplemental Cure Objection</u>") only if such objection is to the proposed assumption or assumption and assignment of the applicable Executory Contracts and Unexpired Leases or the proposed Cure Amount, if any. All Supplemental Cure Objections must: (i) state, with specificity, the legal and factual basis for the objection as well as what Cure Amount are required, if any; (ii) include appropriate documentation in support thereof; and (iii) be filed no later than 4:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the date of service of such Supplemental Cure Notice, which date will be set forth in the Supplemental Cure Notice;

viii. <u>Dispute Resolution of Supplemental Cure Objection</u>. If a Contract Counterparty files a Supplemental Cure Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors shall seek an expedited hearing before the Court to determine the Cure Amount, if any, and approve the assumption and/or assignment of the relevant Executory Contracts and Unexpired Leases. If there is no such objection, then the Debtors shall obtain an order of this Court fixing the Cure Amount and approving the assumption and/or assignment of any Executory Contracts and Unexpired Leases listed on a Supplemental Cure Notice; and

ix. <u>No Cure Objections</u>. If there are no Cure Objections or Supplemental Cure Objections, or if a Contract Counterparty does not file a Cure Objection or a Supplemental Cure Notice in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court

>establishing an alternative Cure Amount, (i) the Cure Amount, if any, set forth in the Cure Notice (or Supplemental Cure Notice) shall be controlling, notwithstanding anything to the contrary in any Executory Contracts and Unexpired Leases or any other document, and (ii) the Contract Counterparty will be deemed to have consented to the assumption or assumption and assignment of the Executory Contracts and Unexpired Leases and the Cure Amount, if any, and will be forever barred from objecting to the assumption or assumption and assignment of such Executory Contracts and Unexpired Leases and rights thereunder, including the Cure Amount, if any, and from asserting any other claims related to such Executory Contract or Unexpired Lease against the Debtors or the Successful Bidder, or the property of any of them.

11. Any objections to the Successful Bidder's proposed form of adequate assurance of future performance must be filed no later than the earlier of (a) the Cure Objection Deadline and (b) 4:00 p.m. (prevailing Eastern Time) on the date that is 14 days following (i) the date of service of the Cure Notice or (ii) the date of service of the Supplemental Cure Notice, as applicable. Such objections will be resolved either at the Confirmation Hearing or in consultation with the Successful Bidder, at such later hearing as the parties agree.

12. The inclusion of a Executory Contract or a Unexpired Lease in the Cure Notice (or Supplemental Cure Notice) will not: (a) obligate the Debtors to assume any Executory Contract or Unexpired Lease listed thereon or obligate the Successful Bidder to take assignment of such Executory Contract or Unexpired Lease or (b) constitute any admission or agreement of the Debtors that such Executory Contract or Unexpired Lease is an executory contract or unexpired lease. Only those Executory Contracts and Unexpired Leases that are included on a schedule of assumed and assigned contracts attached to the Definitive Purchase Agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

**E.     Miscellaneous.**

13.    Nothing in this Order or the Bidding Procedures shall be deemed a waiver of any rights, remedies, or defenses that any party (including the sureties, the Debtors, the Debtors' lenders, the Stalking Horse Bidder, or any other prospective purchaser) has or may have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, surety bonds or related agreements or any letters of credit relating thereto, or any rights, remedies or defenses of the Debtors with respect thereto, including seeking Court relief with regard to the Auction, the Bidding Procedures, the Sale, and any related items (including, if necessary, to seek an extension of the Bid Deadline).  The rights of all Consultation Parties with respect to the outcome of the Auction are preserved.

14.    Notice of the Bidding Procedures Motion as provided therein shall be deemed good and sufficient notice of such Bidding Procedures Motion and the requirements of Bankruptcy Rule 6004(a), and such notice satisfies the applicable Local Rules.

15.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Bidding Procedures Motion.

17.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon entry hereof.

18.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 9th, 2020
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**