FILED
2020 OCT 16 AM 11: 35
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>TOWN SPORTS INTERNATIONAL, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12168-CSS<br><br>(Jointly Administered)<br><br>Objections due by: October 27, 2020<br><br>Hearing Date: November 3, 2020 |

**CERTIFICATION OF <u>JAMES KOLE (Claim Number: 0000020036)</u> IN SUPPORT OF MOTION FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

I, JAMES KOLE, of full age, hereby certify as follows:

1.  I am a creditor in this matter (Claim Number: 0000020036) and the plaintiff in the pending personal injury action in the state court of New Jersey titled <u>Kole v. TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB</u>, BER-L-8112-19.

2.  The above New Jersey personal injury action was filed by my attorney in that case on November 22, 2019.  **Exhibit A.**

3.  The attorney for the defendant TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB filed a Notice of Bankruptcy on September 15, 2020.  **Exhibit B.**

4.  On September 16, 2020, the judge in my New Jersey personal injury case entered an "Order of Disposition on Account of Bankruptcy Proceeding."  **Exhibit C.**

5.  The "Order of Disposition on Account of Bankruptcy Proceeding" requires that "any party making a claim against the petitioner in bankruptcy" to "within 30 days from this date, file a formal

---

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. Due to the large number of debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/TownSports, or by contacting the proposed undersigned counsel for the Debtors.

application in the bankruptcy court to obtain permission to proceed with this pending matter, subject to any terms or conditions that the bankruptcy court may impose." **Exhibit C.**

6. The "Order of Disposition on Account of Bankruptcy Proceeding" also provides that "failure of the bankrupt party plaintiff to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption." **Exhibit C.**

7. My attorney in the New Jersey personal injury case, Michael A. Rabasca, has provided me with a copy the "Order of Disposition on Account of Bankruptcy Proceeding" and explained its terms. He has also provided me with copies of the other documents filed in that case for use in connection with this motion but has explained that he cannot file a motion or appear in this Court on my behalf as he is not a Delaware attorney.

8. I filed a Proof of Claim in this matter on October 7, 2020 (Claim Number: 0000020036). **Exhibit D.**

9. I am filing this Motion for Relief from Stay on my own behalf to comply with the "Order of Disposition on Account of Bankruptcy Proceeding" and preserve my rights in the New Jersey personal injury case. I respectfully ask the court to grant permission to proceed with my New Jersey personal injury case against debtor TSI HOBOKEN NORTH, LLC, subject to any terms or conditions this Court may impose.

I hereby certify under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: October 14, 2020

By: _____
JAMES KOLE

# Exhibit A

Michael A. Rabasca, Esq. 019152010
**THE EPSTEIN LAW FIRM, P.A.**
340 West Passaic Street
Rochelle Park, New Jersey 07662
(201) 845-5962
Attorneys for Plaintiffs

| | |
|---|---|
| JAMES KOLE,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown),<br><br>　　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - BERGEN COUNTY<br>DOCKET NO. BER-L-<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, JAMES KOLE, residing at 714 Washington Street, Apt. 2, Hoboken, New Jersey, complaining of the defendants say that:

**FIRST COUNT**

1. On or about December 22, 2017, defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown), were the owners of, in possession and/or control of certain premises, facilities, and equipment commonly known as New York Sports Club, Hoboken North, located at 210 14th Street, Hoboken, New Jersey, to which it invited various members of the public, including plaintiff, JAMES KOLE.

2. On or about December 22, 2017, plaintiff, JAMES KOLE, was an invitee of the defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH

CORPORATIONS 1-5 (name fictitious as presently unknown), at the aforesaid premises and with respect to the subject facilities and equipment.

3. At said time and place, as a result of a dangerous and hazardous condition of said premises, facilities, and equipment of which defendants were aware, should have known, and/or created, the negligence and gross negligence of the defendant's and the negligent manner in which the defendants owned, operated, controlled, maintained, inspected and/or supervised the aforesaid premises, facilities, and equipment, plaintiff was caused sustained the injuries alleged herein.

4. As a result thereof, the plaintiff sustained serious injuries to the head, body and limbs with accompanying great pain, mental anguish and confinement, aggravated a pre-existing condition, incurred various expenses for medical, domestic and other necessary aid and attention, and was prevented from attending his usual activities or occupation.

WHEREFORE, plaintiff, JAMES KOLE, hereby demands judgment against the defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown), and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown), for damages together with interest, fees and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand trial by jury on all of the above issues.

                              **THE EPSTEIN LAW FIRM, P.A.**
                              Attorneys for Plaintiff

                              BY: /S/ *Michael A. Rabasca*
                                  MICHAEL A. RABASCA

Dated: November 22, 2019

**CERTIFICATION**

I hereby certify that, pursuant to Rule 4:5-1: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated; and (3) no other necessary party to be joined in the subject litigation is presently known.

                              BY: /S/ *Michael A. Rabasca*
                                  MICHAEL A. RABASCA

Dated: November 22, 2019

# Exhibit B

**GORDON REES SCULLY MANSUKHANI, LLP**
Peter G. Siachos, Esq. (NJ Attorney ID: 040892005)
Eric T. Evans, Esq. (NJ Attorney ID: 35972006)
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2500 Fax: (973) 377-1911
Email: psiachos@grsm.com
          eevans@grsm.com
*Attorneys for Defendant TSI Hoboken North, LLC*
*d/b/a New York Sports Clubs*

| | |
|---|---|
| JAMES KOLE,<br><br>Plaintiff,<br><br>v.<br><br>TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUBS, JOHN DOES 1-5 (fictitious entities) and JOHN SMITH CORPORATIONS 1-5 (fictitious entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-8112-19<br><br>Civil Action<br><br>**NOTICE OF BANKRUPTCY** |

TO:   Michael A. Rabasca, Esq.
       The Epstein Law Firm, P.A.
       340 West Passaic Street
       Rochelle Park, NJ 07662

PLEASE TAKE NOTICE that on September 14, 2020, TOWN SPORTS INTERNATIONAL, LLC, and their debtor affiliates (collectively, the "***Debtors***")[1] each filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"). The Debtors' bankruptcy cases are being jointly administered under Case No. 20-12168-CSS pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. A copy of the chapter 11 petition filed by TOWN SPORTS INTERNATIONAL, LLC is attached hereto as ***Exhibit "A"***.

---

[1]   For a complete list of debtor affiliates, please see Schedule 1 of the annexed chapter 11 petition.

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy Code, the filing of a voluntary petition operates as an automatic stay of "the commencement or continuation, including issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]" and of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §§ 362(a)(1) and 362(a)(3).

PLEASE TAKE FURTHER NOTICE that continuation of the above-referenced action is automatically stayed under the Bankruptcy Code. The Debtors reserve their right to bring an action in the Bankruptcy Court for any violation of the automatic stay under section 362(a) of the Bankruptcy Code related, among other things, to the continuation of the above-referenced action.

Dated: September 15, 2020

                    **GORDON REES SCULLY MANSUKHANI, LLP**
                    *Defendant TSI Hoboken North, LLC*
                    *d/b/a New York Sports Clubs*

By:   */s/ Peter G. Siachos*
       Peter G. Siachos, Esq.
       Eric T. Evans, Esq.

# Exhibit C

This Order is prepared and filed by the Court
Copies have been mailed as indicated below:

| Kole James | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION - BERGEN COUNTY |

Plaintiff(s)

DOCKET No. BER-L-8112-19

v.

CIVIL ACTION

TSI Hoboken North, LLC
JOHN DOES 1-5
JOHN SMITH CORPORATIONS 1-5

**ORDER OF DISPOSITION ON ACCOUNT OF BANKRUPTCY PROCEEDING**

Defendant(s).

The court has been advised that the party listed below has filed a petition in bankruptcy. Accordingly, all claims pending herein by such petitioner in bankruptcy are dismissed, without prejudice and without costs, subject to restoration as allowed for below.

Any party making claim against the petitioner in bankruptcy or the plaintiff, who is a petitioner in bankruptcy must, within 30 days from this date, file a formal application in the bankruptcy court to obtain permission to proceed with this pending matter, subject to any terms or conditions that the bankruptcy court may impose. Then, within 30 days after receiving such permission to proceed from the bankruptcy court, either the bankrupt party plaintiff or the party making claim against the bankrupt must file a formal motion to vacate this **ORDER OF DISPOSITION ON ACCOUNT OF BANKRUPTCY PROCEEDING** and to restore to the active calendar all claims by and/or against the petitioner in bankruptcy.

Failure of the bankrupt party plaintiff to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption.

Additionally, formal application shall be made, <u>no later than 60 days</u> after the pending bankruptcy proceedings are concluded, to vacate this **ORDER OF DISPOSITION ON ACCOUNT OF BANKRUPTCY PROCEEDING** and restore the claim(s) made by and/or against the bankrupt if the pending bankruptcy proceedings do not fully dispose of all claims between the parties <u>and</u> either the bankrupt plaintiff and/or the claimant then still wishes to pursue this matter under this caption. Again, failure to timely follow the above procedure shall be considered as a waiver of all rights to proceed by and/or against the bankrupt under this caption.

<u>PLEASE NOTE</u>: This Order does not in any way affect and/or stay proceedings in this caption as between any other party to the case. Counsel for plaintiff and/or the bankrupt is hereby directed to serve a copy of this Order on all other parties/counsel within seven (7) days of receipt of this Order.

Dated: 9/16/2020

_____
ROBERT L. POLIFRONI, P.J.S.C.

BANKRUPTCY PARTY:

TSI HOBOKEN NORTH, LLC d/b/a
NEW YORK SPORTS CLUBS

RLP/st

# Exhibit D

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| **Name of Debtor:** TSI Hoboken North, LLC <br> **Case Number:** 20-12293 | **For Court Use Only** <br> Claim Number: 0000020036 <br> File Date: 10/07/2020 15:17:48 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

04/19

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): James Kole

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: James Kole <br> Address: 300 Coles Street <br> apt 1704 <br> City: Jersey City <br> State: NJ  ZIP Code: 07310 <br> Country (if International): <br> Phone: 1(201)452-5333 <br> Email: james.kole16@gmail.com | Name: <br> Address: <br> <br> City: <br> State:  ZIP Code: <br> Country (if International): <br> Phone: <br> Email: |

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.
   Claim number on court claims register (if known) _____
   Filed on _____
             MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
   Who made the earlier filing? _____

Page 1 of 3

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Litigation-Pers. Injury/Workers Comp.

---

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____
Amount of the claim that is unsecured: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of petition.
$ _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No
☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*James Kole*                                                             10/07/2020 15:17:48

Signature                                                                      Date

**Provide the name and contact information of the person completing and signing this claim:**

Name: James Kole

Address: 300 Coles Street

apt 1704

City: Jersey City

State: NJ            Zip: 07310

Country (in international): United States

Phone: 1(201)452-5333

Email: james.kole16@gmail.com

Michael A. Rabasca, Esq. 019152010
**THE EPSTEIN LAW FIRM, P.A.**
340 West Passaic Street
Rochelle Park, New Jersey 07662
(201) 845-5962
Attorneys for Plaintiffs

| | |
|---|---|
| JAMES KOLE,<br><br>Plaintiff,<br><br>vs.<br><br>TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - BERGEN COUNTY<br>DOCKET NO. BER-L-<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, JAMES KOLE, residing at 714 Washington Street, Apt. 2, Hoboken, New Jersey, complaining of the defendants say that:

### FIRST COUNT

1. On or about December 22, 2017, defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown), were the owners of, in possession and/or control of certain premises, facilities, and equipment commonly known as New York Sports Club, Hoboken North, located at 210 14th Street, Hoboken, New Jersey, to which it invited various members of the public, including plaintiff, JAMES KOLE.

2. On or about December 22, 2017, plaintiff, JAMES KOLE, was an invitee of the defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH

CORPORATIONS 1-5 (name fictitious as presently unknown), at the aforesaid premises and with respect to the subject facilities and equipment.

3. At said time and place, as a result of a dangerous and hazardous condition of said premises, facilities, and equipment of which defendants were aware, should have known, and/or created, the negligence and gross negligence of the defendant's and the negligent manner in which the defendants owned, operated, controlled, maintained, inspected and/or supervised the aforesaid premises, facilities, and equipment, plaintiff was caused sustained the injuries alleged herein.

4. As a result thereof, the plaintiff sustained serious injuries to the head, body and limbs with accompanying great pain, mental anguish and confinement, aggravated a pre-existing condition, incurred various expenses for medical, domestic and other necessary aid and attention, and was prevented from attending his usual activities or occupation.

WHEREFORE, plaintiff, JAMES KOLE, hereby demands judgment against the defendants, TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB, JOHN DOES 1-5 (name fictitious as presently unknown) and JOHN SMITH CORPORATIONS 1-5 (name fictitious as presently unknown), for damages together with interest, fees and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury on all of the above issues.

                              **THE EPSTEIN LAW FIRM, P.A.**
                              Attorneys for Plaintiff

                              BY: _/S/ Michael A. Rabasca_
                                  MICHAEL A. RABASCA

Dated: November 22, 2019

### CERTIFICATION

I hereby certify that, pursuant to Rule 4:5-1: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated; and (3) no other necessary party to be joined in the subject litigation is presently known.

                              BY: _/S/ Michael A. Rabasca_
                                  MICHAEL A. RABASCA

Dated: November 22, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>TOWN SPORTS INTERNATIONAL, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12168-CSS<br><br>(Jointly Administered)<br><br>**Objections due by: October 27, 2020**<br><br>**Hearing Date: November 3, 2020** |

**ORDER GRANTING JAMES KOLE'S (Claim Number: 0000020036) MOTION FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

The Court having reviewed the movant's Motion for Relief from the Automatic Stay, and any related responses or objections; and for good cause shown it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT**

The Movant's Motion for Relief from Stay which seeks permission to proceed with the pending personal injury action in the state court of New Jersey titled <u>Kole v. TSI HOBOKEN NORTH, LLC d/b/a NEW YORK SPORTS CLUB</u>, BER-L-8112-19 against debtor TSI HOBOKEN NORTH, LLC, subject to any terms or conditions this Court may impose, is hereby GRANTED

Dated:

Christopher S. Sontchi,
United States Bankruptcy Judge

---

1 The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. Due to the large number of debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/TownSports, or by contacting the proposed undersigned counsel for the Debtors.