**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **TOWN SPORTS INTERNATIONAL, LLC,** *et al.*, | **Case No. 20-12168 (CSS)** |
| Debtors. | **(Jointly Administered)** |
| | **Hearing Date: N/A**<br>**Objection Deadline: N/A**<br>**Per Local Rule 1015-1, no hearing is required** |
| In re:<br><br>TSI GREAT NECK, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 13-3525531 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI MAMARONECK, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 13-3641775 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI EAST 59, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 13-3748028 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI EAST 41, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 13-3613114 | Chapter 11<br><br>Case No. 20-_____ (CSS) |

27097161.1

| | |
|---|---|
| In re: | Chapter 11 |
| TSI STAMFORD POST, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 06-1502470 | |
| In re: | Chapter 11 |
| TSI 217 BROADWAY, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 13-3986291 | |
| In re: | Chapter 11 |
| TSI RODIN PLACE, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 23-2961393 | |
| In re: | Chapter 11 |
| TSI SYOSSET, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 11-3465797 | |
| In re: | Chapter 11 |
| TSI EAST MEADOW, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 11-3466828 | |
| In re: | Chapter 11 |
| TSI GREENWICH, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 52-2160217 | |

| | |
|---|---|
| In re: <br><br> TSI MARKET STREET, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 22-3767350 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |
| In re: <br><br> TSI HUNTINGTON, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 11-3525776 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |
| In re: <br><br> TSI MONTCLAIR, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 20-2107290 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |
| In re: <br><br> TSI NEWBURY STREET, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 22-3751072 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |
| In re: <br><br> TSI IRVING PLACE, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 13-4132834 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |
| In re: <br><br> TSI WOODMERE, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 11-3566906 | Chapter 11 <br><br> Case No. 20-_____ (CSS) |

| | |
|---|---|
| In re:<br><br>TSI WEST NEWTON, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 22-3767340 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI WEST NYACK, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 13-4182699 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI SOMERS, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 13-4278507 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI MERCER STREET, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 80-0120952 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI ENGLEWOOD, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 20-5683446 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI EAST 48, LLC,<br><br>   Debtor.<br><br>Tax I.D. No. 20-4459116 | Chapter 11<br><br>Case No. 20-_____ (CSS) |

| | |
|---|---|
| In re: | Chapter 11 |
| TSI MIDWOOD, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 20-3602065 | |
| In re: | Chapter 11 |
| TSI NEW ROCHELLE, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 26-1150841 | |
| In re: | Chapter 11 |
| TSI EAST BRUNSWICK, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 26-3322846 | |
| In re: | Chapter 11 |
| TSI WEST END, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 61-1706774 | |
| In re: | Chapter 11 |
| TSI SUMMER STREET, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 38-3905395 | |
| In re: | Chapter 11 |
| TSI CANTON, LLC, | Case No. 20-_____ (CSS) |
| Debtor. | |
| Tax I.D. No. 61-1742215 | |

| | |
|---|---|
| In re:<br><br>TSI BRADFORD, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 30-1141225 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE JERSEY CITY, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 38-4039904 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE RALPH AVENUE, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 30-0993919 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE ST NICHOLAS AVENUE, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 30-0993947 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE 89TH STREET, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 35-2597992 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE ASTORIA, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 35-2598070 | Chapter 11<br><br>Case No. 20-_____ (CSS) |

| | |
|---|---|
| In re:<br><br>TSI LUCILLE BAYSHORE, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 61-1848728 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE BRONX, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 35-2598281 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE COMMACK, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 30-0994898 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE HOLBROOK, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 61-1849015 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE ROCKVILLE CENTRE, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 61-1849240 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI LUCILLE 42ND STREET, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 61-1849564 | Chapter 11<br><br>Case No. 20-_____ (CSS) |

| | |
|---|---|
| In re:<br><br>TSI SILVER SPRING, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 27-3988323 | Chapter 11<br><br>Case No. 20-_____ (CSS) |
| In re:<br><br>TSI WOBURN, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 26-3299002 | Chapter 11<br><br>Case No. 20-_____ (CSS) |

**DEBTORS' MOTION FOR ORDER (I) APPROVING JOINT ADMINISTRATION OF ADDITIONAL CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, (II) APPLYING ORDERS PREVIOUSLY ENTERED BY THE COURT TO THE ADDITIONAL CHAPTER 11 CASES, AND (III) GRANTING RELATED RELIEF**

Town Sports International, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") hereby move the Court (this "**Motion**") for the entry of an order, substantially in the form annexed hereto as Exhibit A (the "**Proposed Order**"), (i) directing the supplemental joint administration of the chapter 11 cases of the above-listed entities (the "**Additional Debtors**") with the administration of the chapter 11 cases of Town Sports International, LLC and its various direct and indirect debtor affiliates that previously commenced chapter 11 cases on September 14, 2020, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); (ii) applying any and all orders previously entered by the Court in the chapter 11 cases of the Initial Debtors (as defined below) with equal force and effect to the Additional Debtors; and (iii) granting related relief. In further support of this Motion, the Debtors respectfully represent as follows:

27097161.1

8

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1 and the legal predicates cited in support of all of the orders previously entered by the Court in the chapter 11 cases that are applicable to the Additional Debtor.

**STATUS OF THE CASE AND BACKGROUND**

2. On September 14, 2020 (the "**Initial Petition Date**"), Town Sports International, LLC and 161 of its affiliates (the "**Initial Debtors**") each filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). The Initial Debtors' cases are being jointly administered pursuant to an order of the Court, dated September 16, 2020 [Docket No. 56].

3. Since the commencement of the chapter 11 cases for the Initial Debtors, the Initial Debtors have continued to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 24, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

5. Additional information regarding the Debtors' businesses, capital structure and the events leading up the Petition Date is set forth in the *Declaration of Phillip Juhan in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 12] (the "**First Day Declaration**"),[1] which was filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order (i) directing the joint administration and consolidation of the chapter 11 cases of the Additional Debtors with the jointly administered cases of the Initial Debtors for procedural purposes only; (ii) applying any and all orders that were previously entered by the Court in the chapter 11 cases of the Initial Debtors, which are applicable to the Additional Debtors, with equal force and effect to the Additional Debtors; and (iii) granting related relief.

7. Specifically, as to joint administration, the Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "**Clerk of the Court**") maintain one file and one docket for all of the jointly administered cases under the case number of Town Sports International, LLC and that the Clerk of the Court administer the cases under a consolidated caption as follows:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the First Day Declaration.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TOWN SPORTS INTERNATIONAL, LLC, *et al.*,[1] | Case No. 20-12168 (CSS) |
| | (Jointly Administered) |
| Debtors. | |

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. Due to the large number of debtors in these cases, which are being jointly administered, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/TownSports, or by contacting the proposed undersigned counsel for the Debtors.

8.  The Debtors also request that a docket entry, substantially similar to the following, be made on the docket of the Additional Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 case of TSI Great Neck, LLC (5531); TSI Mamaroneck, LLC (1775); TSI East 59, LLC (8028); TSI East 41, LLC, (3114); TSI Stamford Post, LLC (2470); TSI 217 Broadway, LLC (6291); TSI Rodin Place, LLC(1393); TSI Syosset, LLC (5797); TSI East Meadow, LLC (6828); TSI Greenwich, LLC (0217); TSI Market Street, LLC (7350); TSI Huntington, LLC (5776); TSI Montclair, LLC (7290); TSI Newbury Street, LLC (1072); TSI Irving Place, LLC (2834); TSI Woodmere, LLC (6906); TSI West Newton, LLC (7340); TSI West Nyack, LLC (2699); TSI Somers, LLC (8507); TSI Mercer Street, LLC (0952); TSI Englewood, LLC (3446); TSI East 48, LLC (9116); TSI Midwood, LLC (2065); TSI New Rochelle, LLC (0841); TSI East Brunswick, LLC (2846); TSI West End, LLC (6774); TSI Summer Street, LLC (5395); TSI Canton, LLC (2215); TSI Bradford, LLC (1225); TSI Lucille Jersey City, LLC (9904); TSI Lucille Ralph Avenue, LLC (3919); TSI Lucille St Nicholas Avenue, LLC (3947); TSI Lucille 89th Street, LLC (7992); TSI Lucille Astoria, LLC (8070); TSI Lucille Bayshore, LLC (8728); TSI Lucille Bronx, LLC (8281); TSI Lucille Commack, LLC (4898); TSI Lucille Holbrook, LLC (9015); TSI Lucille Rockville Centre, LLC (9240); TSI Lucille 42nd Street, LLC (9564); TSI Silver Spring, LLC (8323); and TSI Woburn, LLC (9002) with those being jointly administered with the chapter 11 case of Town Sports International, LLC (7365). **The docket in the chapter 11**

**case of Town Sports International, LLC, Case No. 20-12168 (CSS), should be consulted for all matters affecting this case**.

9.  In addition, as to the previous orders entered by the Court in the Initial Debtors' chapter 11 cases, the Debtors request that any and all orders previously entered by the Court in the Initial Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors.

**BASIS FOR RELIEF**

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of chapter 11 cases upon the filing of a motion supported by a declaration establishing that joint administration of two or more pending cases will ease the administrative burden of the Court and the parties.

11. As set forth in the First Day Declaration, the Debtors' operations are interconnected and co-dependent, and share many of the same creditors and other parties in interest. Given the commercial and corporate relationships among the Debtors, joint administration of the Additional Debtors' chapter 11 cases with the Initial Debtors' chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the Initial Debtors' chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Moreover, joint administration will also simplify supervision of the

administrative aspects of these cases by the U.S. Trustee and allow all parties in interest to monitor the Debtors' chapter 11 cases with greater ease and efficiency.

12. Joint administration of the Debtors' chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of the Additional Debtors' estates with those of the Initial Debtors. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of the Additional Debtors' chapter 11 cases with those of the Initial Debtors.

13. For these reasons, the Additional Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interests of all of the Debtors, their estates, their creditors, and all other parties in interest.

14. Additionally, the Additional Debtors request that any and all orders previously entered by the Court in the Initial Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 case of the Additional Debtors.[2] Requiring the Additional Debtors to separately request the relief granted by the orders previously entered by the Court would be cumbersome and inefficient, wasting estate resources and the Court's time, when the Court has already found that the previously granted relief is proper. Further, it is critical to the success of the Additional Debtors' efforts to maximize the value of their estates that, for instance, the Initial Debtors' claims, noticing, and balloting agent be able to represent the Additional Debtors in connection with the chapter 11 process.

---

[2] The anticipated financial obligations arising in connection with the Additional Debtors are already included in the Debtors' debtor-in-possession budget.

15. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## **NOTICE**

16. The Debtors have provided notice of this Motion to: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for Tacit; (vi) the Debtors' cash management banks; (vii) counsel to the Committee; (viii) counsel to the Ad Hoc Lender Group; and (ix) all parties who have requested notice in the Debtors' chapter 11 cases pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>October 21, 2020 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Allison S. Mielke*<br>Robert S. Brady (No. 2847)<br>Sean T. Greecher (No. 4484)<br>Allison S. Mielke (No. 5934)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Email: rbrady@ycst.com<br>        sgreecher@ycst.com<br>        amielke@ycst.com<br><br>and<br><br>KIRKLAND & ELLIS LLP<br>Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Email: nicole.greenblatt@kirkland.com<br>        derek.hunter@kirkland.com<br><br>KIRKLAND & ELLIS LLP<br>Mark McKane, P.C. (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Email: mark.mckane@kirkland.com<br><br>KIRKLAND & ELLIS LLP<br>Joshua M. Altman (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Email: josh.altman@kirkland.com<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |