IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                                        :    Chapter 11
                                                                                   :
TOWN SPORTS INTERNATIONAL, LLC., *et al.*,[1]   :    Case No. 20-12168 (CSS)
                                                                                   :
Debtors.                                                                  :    (Jointly Administered)
                                                                                   :
                                                                                   :    **Re: Dkt. No. 278**
                                                                                   :
--------------------------------------------------------------- x

**OBJECTION OF 75-76 THIRD AVENUE ASSETS IV LLC
TO PROPOSED CURE AMOUNT**

  75-76 Third Avenue Assets IV LLC ("Landlord"), by and through its undersigned counsel, files this objection and reservation of rights (the "Objection") to Debtors' *Notice to Contract Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 278] (the "Notice").[2]  In support of this Objection, Landlord respectfully states as follows:

**BACKGROUND**

  1. On September 14, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and thereby commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. A complete list of all the Debtors in these jointly administered cases, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Debtors' claims and noticing agent at httn://dm.enkill.com/TownSports.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Notice.

2. The Debtors continue to manage their business and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in any of these Chapter 11 Cases.

3. Landlord is the owner of the premises known as 69-33 Austin Street, Forest Hills, New York (the "Premises"). Prior to the Petition Date, Landlord and TSI Forest Hills, LLC entered into a nonresidential real property lease for use of the Premises (as amended, modified and supplemented from time to time, collectively, the "Lease").

4. On October 2, 2020, the Debtors filed a motion [Dkt. No. 160] (the "Bidding Procedures Motion") with the Court seeking entry of orders, among other things, approving procedures for the assumption and assignment of certain Executory Contracts and Unexpired Leases.

5. On October 9, 2020, the Court entered an order granting the Bidding Procedures Motion [Dkt. No. 208] (the "Bidding Procedures Order"). Pursuant to the Bidding Procedures Order, the Debtors may assume or assume and assign to the Successful Bidder certain Executory Contracts and Unexpired Leases upon approval of the Sale.

6. On October 16, 2020, the Debtors filed the Notice which includes the Lease on Exhibit A as a lease that may be assumed and assigned in connection with a proposed Sale with Cure Amount of $499,100.02.

**CURE OBJECTION**

7. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an unexpired lease in the debtor's discretion. However, in order to sell an unexpired lease under section 363 of the Bankruptcy Code, the Debtor must actually assume and assign the subject lease under section 365 of the Bankruptcy Code and (i) cure (or provide adequate assurance that

they will promptly cure) all defaults that exist as of the Petition Date; (ii) compensate, or provide adequate assurance that they will compensate, the counter-party to the unexpired lease for any pecuniary loss arising from such defaults and (iii) provide adequate assurance of future performance consistent with the heightened protections afforded to landlords of shopping centers under section 365(b)(3) of the Bankruptcy Code.  11 U.S.C. § 365.

8. Landlord has reviewed the Debtors' proposed cure amount for the Lease and has determined that the unpaid amounts owed are greater than the Debtors' proposed cure amount:

| Landlord | Location | Proposed Cure Amount | Actual Cure Amount |
|---|---|---|---|
| 75-76 Third Avenue Assets IV LLC | 69-33 Austin Street, Forest Hills, New York | $499,100.02 | $521,581.59 |

A Tenant Profile supporting the actual Cure Amount is annexed hereto as Exhibit A.

9. With respect to the Cure Amount reflected herein and any post-petition amounts due under the Lease, Landlord expressly reserves the right to collect all year-end adjustments or other amounts that are due and payable under the Lease, regardless of their accrual or billing date, and amounts not yet known as of the date of this Objection.  Said amounts include, but are not limited to, charges/reconciliations for common area maintenance charges, insurance and real estate taxes.  Because some of these charges are payable in arrears, the amounts due cannot be calculated at this time.  Nevertheless, the Debtors and/or the eventual assignee will continue to be liable for all such charges as and when they come due under the Lease.  Accordingly, the Debtors must be required to escrow and/or segregate sufficient funds to compensate Landlord for said charges when billed under the Lease or, in the alternative, any assignee of a Lease must be expressly held liable to pay such charges (in full and when due under the Lease) to Landlord, regardless of whether said charges relate to periods that pre-date any assumption and assignment of the Lease.

10. Furthermore, Landlord is also entitled to recover attorneys' fees and costs incurred with respect to the enforcement of the Lease. As a result, Landlord expressly reserves the right to seek payment of such fees and expenses. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S. Ct. 1199, 1206 (2007); *In re: Muma Servs.*, 279 B.R. 478, 488-479 (Bankr. D. Del. 2002).

## **RESERVATION OF RIGHTS**

11. Landlord expressly reserves all of their rights to supplement, modify or amend this Objection and make such other and further objections to the Notice or any assumption and assignment of the Lease until such time as a final order is entered approving the Cure Amount with respect to the Lease. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that Landlord has asserted, or may assert, with respect to any of proofs of claim against the Debtors. In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of Landlord against the Debtors.

## **CONCLUSION**

**WHEREFORE**, Landlord respectfully requests that this Court enter an order (i) reserving Landlord's rights to appropriate Cure Amount; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: October 23, 2020
Wilmington, Delaware

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

*/s/ Marcy J. McLaughlin Smith*
Marcy J. McLaughlin Smith (DE 6184)
Hercules Plaza, Suite 5100

- 5 -

1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: marcy.smith@troutman.com

-and-

Brett D. Goodman (*admitted pro hac vice*)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6170
Facsimile: (212) 704-5966
E-mail:  brett.goodman@troutman.com

*Counsel to 75-76 Third Avenue Assets IV LLC*