| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE | |
| *In re* Town Sports International, LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12168 (CSS)<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date: April 20, 2021 at**<br>) **11:00 a.m. EDT**<br>)<br>) **Ref. Doc. Nos. 987 and 997** |

**DECLARATION OF CHRISTOPHER L. MCCALL IN SUPPORT OF
PEOPLE OF THE STATE OF NEW YORK'S OBJECTION TO
NON-DEBTOR TOWN SPORTS INTERNATIONAL HOLDINGS, INC.'S
<u>MOTION TO VOID SETTLEMENT AGREEMENT (DOC. NO. 987)</u>**

Christopher L. McCall hereby declares as follows:

1.      I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York ("NYAG"), assigned to the Bureau of Consumer Frauds and Protection.

2.      I am the primary attorney assigned to the NYAG's enforcement action against Town Sports International Holdings, Inc. ("TSI Holdings") and Town Sports International, LLC ("TSI LLC") and, as such, I have personal knowledge of the facts and circumstances discussed herein.

---

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York, 10523. Due to the large number of debtors in these jointly administered cases, a complete list of the debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://dm.epiq11.com/TownSports.

3. I submit this declaration in support of the NYAG's objection to non-debtor TSI Holdings' "motion for entry of an order enforcing the terms of the Chapter 11 plan releases and injunction" (Doc. No. 987).

4. On September 30, 2020, the NYAG commenced a special proceeding against TSI Holdings and TSI LLC in Supreme Court, New York County in a proceeding entitled *People of the State of New York v. Town Sports International Holdings, Inc. and Town Sports International, LLC d/b/a New York Sports Club and Lucille Roberts*, Index No. 451969/2020 (Sup. Ct. N.Y. Cnty.) (the "New York Proceeding"). Attached hereto as exhibits 1-18 are true and correct copies of the following documents filed or entered in the New York Proceeding:

   a. Verified Petition filed on September 30, 2020 (Exhibit 1);

   b. proposed Order to Show Cause with Temporary Restraining Order filed on September 30, 2020 (Exhibit 2);

   c. TSI Bond filed on September 30, 2020 (Exhibit 3);

   d. Memorandum of Law in Support of the Verified Petition and the Order to Show Cause with Temporary Restraining Order filed on September 30, 2020 (Exhibit 4);

   e. signed Order to Show Cause with Temporary Restraining Order entered on October 2, 2020 (Exhibit 5);

   f. Stipulation and Proposed Order filed on October 26, 2020 (Exhibit 6);

   g. Stipulation and Proposed Order filed on November 10, 2020 (Exhibit 7);

   h. Stipulation and Proposed Order filed on December 14, 2020 (Exhibit 8);

  i. Stipulation and Proposed Order filed on January 12, 2021 (Exhibit 9);

  j. Stipulation and Proposed Order filed on February 24, 2021 (Exhibit 10);

  k. Notice of Appearance (Donald G. Derrico) filed on October 26, 2020 (Exhibit 11);

  l. Notice of Appearance (Gregory Brescia) filed on October 26, 2020 (Exhibit 12);

  m. Consent and Stipulation filed on March 3, 2021 (Exhibit 13);

  n. Final Consent Order and Judgment filed on March 3, 2021 (Exhibit 14);

  o. Signed Final Consent Order and Judgment entered on March 4, 2021 (Exhibit 15);

  p. Letter from Akerman LLP to the Court filed on March 4, 2021 (Exhibit 16);

  q. Consent to Change Attorney filed on March 4, 2021 (Exhibit 17); and

  r. Notice of Bankruptcy filed on October 1, 2020 (Exhibit 18).

  5. The NYAG moved for a temporary restraining order ("TRO") in the New York Proceeding. In connection with the NYAG's application for a TRO, on October 1, 2020, the New York State Court directed me to contact TSI LLC's bankruptcy counsel to determine if TSI Holdings and TSI LLC would consent to entry of the TRO.[2] Attached hereto as Exhibit 19 is a true and correct copy of an October 1, 2020 email chain among me, other attorneys at the NYAG, and attorneys from the law firms Kirkland & Ellis LLP, Gordon & Rees, Scully

---

[2] Prior to bringing the New York Proceeding, the only attorney I or anyone else at the NYAG had dealt with at TSI Holdings or TSI LLC was TSI Holdings' General Counsel, who resigned in early September 2020, and thus the NYAG did not have a legal contact at TSI Holdings or TSI LLC at the time of filing the Verified Petition and moving for a TRO.

Mansukhani ("Gordon Rees"), Young Conaway Stargatt & Taylor LLP, and Olshan Frome Wolosky LLP.

6. On October 1, 2020 I participated in a telephone call with Gordon Rees in which Gordon Rees consented to entry of the TRO on behalf of TSI Holdings and TSI LLC. Attached hereto as Exhibit 20 is a true and correct copy of an October 1, 2020 email from me to Gordon Rees memorializing this conversation, and copying other attorneys at the NYAG and attorneys from the law firms Kirkland & Ellis LLP, Young Conaway Stargatt & Taylor LLP, and Olshan Frome Wolosky LLP.

7. On October 19, 2020, I contacted Gordon Rees to discuss three consumer complaints the NYAG had received which appeared to allege violations of the TRO. Attached hereto as Exhibit 21 is a true and correct copy of an October 19, 2020 email from me to Gordon Rees, copying attorneys at the NYAG, without the attachments. On October 20, 2020, I discussed the complaints in a phone call with Gordon Rees, during which Gordon Rees stated that the consumers appeared to be entitled to refunds, but wanted to discuss with TSI LLC's bankruptcy counsel whether issuing refunds to the consumers would violate any provision of the Bankruptcy Code. Attached hereto as Exhibit 22 is a true and correct copy of an October 21, 2020 email from Gordon Rees to me, copying another attorney at Gordon Rees and Ajay Kataria of TSI Holdings or TSI LLC.

8. On November 12, 2020, I again contacted Gordon Rees to raise potential violations of the TRO. Attached hereto as Exhibit 23 is a true and correct copy of a October 19, 2020 to November 16, 2020 email chain among me, other attorneys at the NYAG, and Gordon Rees.

9. On October 22, 2020, Gordon Rees contacted me by telephone to propose a potential settlement of the New York Proceeding. During this telephone call and others, Gordon Rees represented to me that it was authorized to enter into a settlement agreement on behalf of TSI Holdings and TSI LLC.

10. The NYAG, TSI Holdings, and TSI LLC filed stipulations and proposed orders in the New York Proceeding on October 26, 2020 (Exhibit 6), November 18, 2020 (Exhibit 7), December 14, 2020 (Exhibit 8), January 12, 2021 (Exhibit 9), and February 25, 2021 (Exhibit 10). In connection with each one of these stipulations, I and Gordon Rees called the Court's law clerk to discuss scheduling matters, and Gordon Rees identified itself on each call as counsel for both TSI Holdings and TSI LLC.

11. On October 29, 2020, I participated in a settlement discussion by telephone with Gordon Rees in which the parties agreed in principle to resolve the New York Proceeding for the $250,000 TSI Bond. During this call, the parties discussed whether such a settlement agreement would require approval of the Bankruptcy Court. I expressed the view that the settlement agreement did not need Bankruptcy Court approval because surety bonds are generally not considered part of a debtor's bankruptcy estate, and even if they were, the TSI Bond, having been posted by TSI Holdings, was not part of TSI LLC's bankruptcy estate.

12. Gordon Rees stated that it would seek advice from TSI LLC's bankruptcy counsel. Subsequently, Gordon Rees represented to me on multiple occasions that TSI LLC's bankruptcy counsel had reviewed a draft of the settlement agreement and concluded that it did not require Bankruptcy Court approval. Specifically, Gordon Rees represented to me that Sean Greecher of the law firm Young Conaway Stargatt & Taylor LLP was the attorney who advised that the settlement agreement did not require Bankruptcy Court approval. Gordon Rees also

represented to me that the same attorney reviewed the final draft of the Settlement Agreement prior to TSI Holdings and TSI LLC executing it and concluded it did not need approval by the Bankruptcy Court.

13. Following months of negotiations, on February 26, 2021, TSI Holdings and TSI LLC signed a Consent and Stipulation ("Consent and Stipulation") authorizing the New York State Court to sign and enter a Final Consent Order and Judgment ("Judgment" and, together with the Consent and Stipulation, the "Settlement Agreement"). On March 3, 2021, the NYAG countersigned the Consent and Stipulation and I filed the Settlement Agreement in the New York Proceeding.

14. On March 3, 2021, several hours after I filed the Settlement Agreement, Massimo D'Angelo of the law firm Akerman LLP ("Akerman") contacted me by telephone, identified himself as counsel to TSI Holdings, and alleged that Gordon Rees did not have authority to sign the Settlement Papers on behalf of TSI Holdings. I informed Akerman at the time that the phone call was the first time that anyone had ever suggested to the NYAG that there was any question about Gordon Rees's representation of TSI Holdings in the New York Proceeding, Akerman had not filed a notice of appearance in the New York Proceeding, and prior to that phone call Akerman had never contacted me or anyone else at the NYAG for any reason.

15. While still on the line with me, Akerman conferenced in Donald Derrico of Gordon Rees, who repeatedly stated in unequivocal terms that Gordon Rees was and continued to be TSI Holdings' attorney and was duly authorized to enter into the Settlement Agreement. Gordon Rees has made this same representation to me multiple times.

16. During the call, Akerman told me it wanted to modify the Settlement Agreement to add Patrick Walsh, the Chief Executive Officer of TSI Holdings, to the release provision. I

explained that Patrick Walsh was not named as a respondent in the New York Proceeding, and that at no point during the settlement negotiations resulting in the Settlement Agreement did TSI Holdings or TSI LLC propose adding officers and directors to the release.

17. Akerman also disclosed to me that TSI Holdings purchased approximately eight gyms from TSI LLC and is now operating them, and that TSI Holdings and TSI LLC were having ongoing disputes related to the sale. As an example, Akerman stated that TSI Holdings requested certain documents from TSI LLC and that TSI LLC denied the request.

18. Following this March 3, 2021 call, I subsequently informed Akerman that the NYAG believed the Settlement Agreement was entered into validly by Gordon Rees on behalf of TSI Holdings and TSI LLC. I also informed Akerman that, because Patrick Walsh was not named as a respondent in the New York Proceeding, the NYAG would not modify the Settlement Agreement after the fact to include Mr. Walsh in the release.

19. At no point in the negotiations leading to the Settlement Agreement did TSI Holdings, TSI LLC, any of TSI LLC's bankruptcy lawyers, or anyone else state to me or anyone else at the NYAG that this Court's December 18, 2020 order confirming the reorganization plan submitted by TSI LLC and the other debtors (Doc. No. 824) had any impact on the Settlement Agreement.

20. Attached hereto as Exhibit 24 is a true and correct copy of a March 4, 2021 email chain among me, Akerman, and Gordon Rees.

21. Attached hereto as Exhibit 25 is a true and correct copy of a March 5, 2021 letter with enclosures from Akerman to me and Gordon Rees.

22. Attached hereto as Exhibit 26 is a true and correct copy of a March 5, 2021 letter with enclosures from Gordon Rees to Akerman, copying me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         April 7, 2021

By:_____
Christopher L. McCall, Assistant Attorney General
Office of the New York Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street, 20th Floor
New York, New York  10005
(212) 416-8303
christopher.mccall@ag.ny.gov

*Attorney for People of the State of New York, by Letitia James, Attorney General of the State of New York*