IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOWN SPORTS INTERNATIONAL, LLC, *et al.*,[1] | ) ) ) | Case No. 20-12168 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | **Related Docket No. 1069** |

**MOTION OF TOWN SPORTS INTERNATIONAL HOLDINGS, INC.
FOR RECONSIDERATION OR CLARIFICATION
OF THE COURT'S MAY 20, 2021 ORDER**

Town Sports International Holdings, Inc. ("Holdings"), by and through its undersigned counsel, hereby moves, pursuant to Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), made applicable to these chapter 11 cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for reconsideration or clarification of the Court's Order dated May 20, 2021 (the "Order") [ECF No. 1069] denying Holdings' *Motion to Enforce Sale Order and Compel Turnover of Documents* (the "Turnover Motion"). In support of this Motion, Holdings respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Court's Order denying the Turnover Motion stated "for the reasons set forth on the record at the Hearing, the Motion is Denied." However, at the hearing held on the record on April 20, 2021 (the "Hearing"), while the Court clearly stated its reasons on the record for denying

---

[1] The last four digits of Town Sports International, LLC's federal tax identification number are 7365. The mailing address for Town Sports International, LLC is 399 Executive Boulevard, Elmsford, New York 10523. Due to the large number of debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/TownSports, or by contacting counsel for the Debtors.

1

Holding's separate motion to enforce the plan injunction to vitiate a purported settlement with the New York State Attorney General, the Court did not indicate whether it intended to grant or deny the Turnover Motion. Indeed, as detailed below, the Court expressly stated on the record that it was reserving decision because it wanted to trace through the relevant documents before issuing a ruling, but expected to issue an order with respect to the Motion in the near-term in light of the May 17, 2021 tax filing deadline. The basis for denial of the motion to enforce the plan injunction has no application to the Turnover Motion, and thus the record is bare as to the basis for the denial of the Turnover Motion. To the extent the Order's reference to "the reasons stated by the record" is a misapprehension of the record by the Court, it is an appropriate matter for reconsideration or clarification so that the basis for the denial of the Turnover Motion is of record.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The rule predicates for the relief requested herein are FRCP 59 and Bankruptcy Rule 9023.

## BACKGROUND

3. Holdings filed the Turnover Motion because joint records of the Debtor and Holdings were transferred to New TSI Holdings LLC ("New TSI") pursuant to a Section 363 sale in November of 2020. Holdings requires these records, which are "Excluded Assets" under the APA and order approving the sale of the Debtors' assets to New TSI (D.I. 639), to, among other things, file its tax returns and make required filings with the Securities and Exchange Commission ("SEC").

2

4.    On April 13, 2021, New TSI objected to the Motion (D.I. 1033) and on April 15, 2021, Holdings filed its reply in support of the Motion (D.I. 1040).

5.    On April 20, 2021, the Court heard oral argument via Zoom on the Turnover Motion.

6.    On May 20, 2021, the Court issued the Order denying the Turnover Motion. In the Order denying the Motion, the Court stated that its denial of the Motion was "for the reasons set forth on the record at the hearing…" [Order attached as **Exhibit A**].

7.    Holdings has reviewed the transcript (the "Transcript") of the April 20, 2021 hearing on the Turnover Motion and on Holdings' separate motion to enforce the release provisions under the Plan to vitiate the settlement with the Attorney General of New York (the "NYAG Settlement Motion").  A copy of the Transcript is attached hereto as **Exhibit B**.  During the Hearing, the Court provided detailed reasons for its denial of the NYAG Settlement Motion and ruled from the bench with respect to the NYAG Settlement Motion.  Conversely, the Court did not provide any reasons on the record for its ultimate ruling on the Turnover Motion and gave no indication of which way it might be inclined to rule.

8.    Specifically, pages 40 and 41 of the Transcript reflect the Court's intention to take the matter under advisement and provide a decision in the form of an order:

> I am going to take the matter under advisement, but I will rule very shortly in the form of an order. I want to go back and trace through the documents a little more carefully, frankly, given, you know, the argument that has been made this morning. So you will get a decision before May 17th which I think is the tax deadline, but you will get a decision as soon as possible and it won't be an opinion or anything.  It will be an order and I will get on that as quickly as I can.

9.    This limited statement on the record regarding the anticipated issuance of an order does not articulate any basis on which the Turnover Motion might be granted or denied.  As such,

3

the statement in the Order that the Turnover Motion is being denied "for the reasons set forth on the record at the hearing" lacks any identifiable reference.

## RELIEF REQUESTED

10. By this Motion, Holdings seeks, pursuant to FRCP 59 made applicable to these cases by Bankruptcy Rule 9023, reconsideration of the Turnover Motion or clarification of the basis for the ruling contained in the Order. Reconsideration or clarification will permit Holdings to pursue its rights and remedies in a manner designed to spare the post-confirmation estate and the Court from the expenses, delay and complications resulting from having to address a ruling for which the basis has not yet been identified.

## BASIS FOR RELIEF

### I. Legal Standard for Reconsideration

11. FRCP 59(e), made applicable here pursuant to Bankruptcy Rule 9023, allows parties to file motions for reconsideration or amendment of judgment. *See in re Vision Metals, Inc.*, 327 B.R. 719, 721 (Bankr. D. Del. 2005) ("A motion for reconsideration ... generally fall[s] within the parameters of Rule 59(e) ...."). The Court of Appeals for the Third Circuit has recognized that motions for reconsideration should be granted where: "(i) new evidence becomes available; (ii) a supervening new law has been announced; or (iii) there is a need to correct an earlier decision that was "clearly erroneous and would create manifest injustice." *See In re Winstar Commc'ns, Inc.*, 435 B.R. 33, 39 (Bankr. D. Del. 2010) (citing *Public Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997)); *see also In re W.R. Grace & Co.*, 398 B.R. 368, 372 (D. Del. 2008) (quoting *Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

12. The standards governing a motion for reconsideration seek to balance the importance of finality in judicial decisions with a recognition that courts sometimes err. *Karr v. Castle,* 768 F. Supp. 1087, 1090 (D. Del. 1991), *aff'd,* 22 F.3d 303 (3d Cir. 1994) (citing *Brambles U.S.A., Inc. v. Blocker,* 735 F. Supp. 1239, 1241 (D. Del 1990)). Indeed, "[w]hile finality of judgments is an important consideration, the goal of finality must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Karr*, *supra*, 768 F. Supp. at 1093 (internal citations omitted). Accordingly, while parties should not use a motion for reconsideration as an opportunity to merely relitigate issues that have already been decided, a court should reconsider a prior decision when it appears that the court has overlooked a legal or factual matter "that might reasonably be expected to alter the conclusion reached by the court." *Caylon New York Branch v. Am. Home Mortgage Corp.*, 383 B.R. 585, 589-90 (Bankr D. Del 2008); *see also In re Liquidating Trust of Resmae Mortgage Corp.*, No. 07-10177, 2007 WL 4224409 at *3 n.6 (Bankr. D. Del. 2007).

13. Holdings respectfully submits that reconsideration of the Order in order to correct an inconsistent reference to the record and to provide a basis for the Court's ruling is appropriate. *See, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006) (reversing court of appeals decision where there was "no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect"); *Hart v. Oppman*, 765 F. App'x 644, 646 (3d Cir. 2019) ("Since the District Court provided no reasoning to support its decision to deny Hart's motion to vacate, we were unable to conclude whether the District Court's decision was a proper exercise of its discretion. Accordingly, we vacated the judgment and remanded the matter for the District Court[.]"); *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1262 (3d Cir. 1993) (finding that the

trial court's decision was "clearly erroneous," because, among other reasons, the trial court "offered no rationale" for relying on one side's experts over another side's experts).

14. The failure to provide any rationale for the denial of the Turnover Motion based on an apparently mistaken reference to the record is in conflict with the Court's articulation at the Hearing that it was taking the matters under advisement with the expectation that it would issue a subsequent order in the near-term, is clearly erroneous and would create manifest injustice for Holdings.  Holdings remains in need of records which jointly belong to it and the Debtors (as detailed in the Turnover Motion) to make its required SEC and tax filings.  Clarification as to the basis for the Court's denial of the Turnover Motion is necessary so that Holdings can ascertain the proper procedures or forum to obtain the records.  With respect to the motion to enforce the plan injunction against the New York Attorney General, the Court stated on the record that TSIH was seeking relief from the wrong court in the first instance [*See* Transcript, p. 31, Lines 14-15].  This rationale would not have application to the Turnover Motion, which was directed to a different party, New TSI, the purchaser of the Debtors' assets.  To the extent that the Court believes Holdings must pursue New TSI for access to the required records in a different court, for example, Holdings is unable to determine that ruling from the instant record.

15. Without understanding the reasons for the denial of the Turnover Motion, Holdings lacks the ability to determine the appropriate next steps to obtain access to the critical books and records it needs.  These options could include the filing of an adversary proceeding against the Debtors' post-confirmation estate, the filing of a third-party action, or an appeal of the Order. Accordingly, reconsideration or clarification is appropriate to limit the expense, delay and complication arising from efforts to further pursue its rights and remedies, which remedies may involve the Debtors' post-confirmation estate.

## **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, Holdings respectfully requests that the Court: enter an order substantially in the form attached hereto as **Exhibit C** (a) reconsidering or clarifying its Order as it pertains to providing a cognizable basis for its ruling on the Turnover Motion, and (b) granting Holdings such other and further relief as is just, proper and equitable.

Dated: June 3, 2021
       Wilmington, Delaware         **SULLIVAN HAZELTINE ALLINSON LLC**

                               */s/ William D. Sullivan*
                               William D. Sullivan (No. 2820)
                               919 North Market Street, Suite 420
                               Wilmington, DE 19801
                               Telephone: (302) 428-8191
                               Facsimile: (302) 428-8195
                               Email: bsullivan@sha-llc.com

                               and

                               Massimo F. D'Angelo, Esq.
                               Akerman LLP
                               520 Madison Avenue, 20th Floor
                               New York, NY 10022
                               Tel: 212.880.3800
                               Fax: 212.880.8965
                               massimo.dangelo@akerman.com

                               *Attorneys for Town Sports International Holdings, Inc.*